[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REARGUE
The motion to reargue is denied but certain statements are made in it which I believe bear commenting on. First, I have not decided the Cross case which involved Patricia Cross's claim against the estate so I have not been "convinced" of anything in that regard and that case has no bearing on the narrow claim of trespass made in this matter.
Of course, as the Zanonis state Mr. Hudon would not on his own sell the property; he had to get court approval. However, he at some point did decide that selling the property would be a good idea and sought court approval for this. Again this has no bearing on the narrow issues raised by the legal claims against Hudon.
When the court said Hudon was not aware that the Zanonis were occupying the cottage, I did not mean to imply he was not aware they were using it on the weekends — the Zanonis for good reason stopped going to the cottage on a regular weekend basis for several months due to the winter. If my opinion is read closely, it is clear that I understood that Hudon's acts in fact prevented the Zanonis from using the cottage but for CT Page 12834 the reasons stated, I did not believe that gave rise to a trespass claim under the way I analyzed trespass law.
When I stated Hudon stood in Mrs. Benny's shoes, I obviously meant he had control over the property in her stead as a conservator — obviously he had fiduciary responsibilities and could not treat the property as his own.
I in no way meant to trivialize the Zanoni property rights. It is apparent to me that the Zanonis, especially Mrs. Zanoni, have a strong and deep affection for this land which is based on many factors, some of which are noted in the motion to reargue. But in my opinion that has nothing to do with the legal issues presented. When I said the Zanonis started going to the cottage on weekends, it was not meant to trivialize anything but just a way to discuss the technical issue of exclusive possession and what, if any, acts would or could not show it. The court discussed several factors bearing on this issue.
The comments on the motion for exclusive occupancy do not really explain away the court's reference to this motion. I do not interpret the Zanoni letters to Hudon as an assertion of dominion in the sense the Zanoni's use the word — they assume the conclusion. Mr. Zanoni fully recognized Mr. Hudon's fiduciary responsibilities to the property which included the right to exercise some control over it in a letter he himself wrote to Mr. Hudon.
I was well aware of all the evidence presented at trial and just interpret it differently than the Zanonis. I purposely let them make as complete a record as possible introducing as much evidence as they fairly could. If I am wrong in my analysis, their appellate rights are fully protected and further argument would serve no useful purpose.
Corradino, J.